## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JULIE CARREON** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:23-cv-01108** |
| | § | |
| **LIBERTY INSURANCE CORPORATION,** | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL OF ACTION
## PURSUANT TO 28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY)

TO THE HONORABLE JUDGE:

Defendant Liberty Insurance Corporation ("Defendant" or "Liberty") hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Western District of Texas, Austin Division, of the action styled *Julie Carreon v. Liberty Insurance Corporation;* Cause No. 23-O-367, currently pending in the 421st Judicial District Court of Caldwell County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

### I.
### FACTS

1.      Plaintiff filed suit in the State Court Case on August 11, 2023, as the result of a dispute regarding a claim made under her homeowner's insurance policy that was issued by Liberty. Plaintiff filed an insurance claim with Liberty on February 8, 2023, for hail damage to her property at 735 Stairtown Loop in Prairie Lea, Texas, 78661, due to a storm that occurred on May 5, 2022. Plaintiff has filed suit against Liberty for breach of contract and Texas Insurance Code violations. Plaintiff claims that Liberty "…breached the contract by its failure and/or refusal to adequately pay the claim" and that Liberty's actions "violated the Texas Insurance Code." See Plaintiff's Original Petition (the "Petition") at ¶¶27-28.

2.      Defendant was served with Plaintiff's Original Petition and citation on August 16, 2023. Defendant filed its Original Answer on September 8, 2023. A true and correct copy of all pleadings, process, orders, and correspondence served in this action is attached hereto as Exhibit "A" and incorporated herein by reference.

3.      Plaintiff's Original Petition pleads for "monetary relief of $250,000.00 or less and non-monetary relief." *Id*. at ¶4. In addition to her economic damages, Plaintiff also alleges that she is entitled to recover treble damages of up to three times the amount of her actual damages. *Id*. at ¶45. These additional claimed damages are properly included in the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998). When combined with Plaintiff's pre-suit demand of $35,253.05 plus attorneys' fees, it is clear that Plaintiff seeks to recover in excess of $75,000 in this action.  Defendant denies Plaintiff's claims and denies that Plaintiff is entitled to these benefits or damages.

4.      Complete diversity exists between the Plaintiff and Defendant now as well as on the date of filing of the State Court Case. Plaintiff is a citizen of the State of Texas. *Id.* at ¶1.  Liberty Insurance Corporation is an insurance company incorporated in the State of Illinois and its principal place of business is Boston, Massachusetts.  Liberty Insurance Corporation is a citizen of the Commonwealth of Massachusetts and not the State of Texas.

5.      This is a civil action which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, and Defendant is not a citizen of the same state as Plaintiff.

## II.
## PROCEDURAL REQUIREMENTS

6.      Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be

given to all adverse parties promptly after the filing of this Notice.

7.       Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Caldwell County, Texas promptly after the filing of this Notice.

8.       Attached hereto and incorporated herein are the following items:

Exhibit A:     A true and correct copy of all pleadings, process, and orders served in this action.

Exhibit B:     State Court docket sheet.

Exhibit C:     List of all counsel of record.

Exhibit D:     Index of all documents filed with the Court.

### III.
### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation requests that this action be removed from the 421st Judicial District Court of Caldwell County, Texas to the United States District Court for the Western District of Texas, Austin Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:     (512) 472-7700
Facsimile:     (512) 472-0205

By:   _/s/ Catherine L. Hanna_
        Catherine L. Hanna
        State Bar No. 08918280
        channa@hannaplaut.com

**ATTORNEYS FOR DEFENDANT**
**LIBERTY INSURANCE CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service on this 14th day of September, 2023 to:

Andrew A. Woellner                          *Via Email: awoellner@potts-law.com*
Tabatha R. Fuentes                          *Via Email: tfuentes@potts-law.com*
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
*Attorneys for Plaintiff*


  */s/ Catherine L. Hanna*
  Catherine L. Hanna

# EXHIBIT A



**null / ALL**
**Transmittal Number: 27481124**
**Date Processed: 08/17/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro; Hm Office Lgl SOP Paralegal<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | Liberty Insurance Corporation<br>Entity ID Number  2538339 |
| **Entity Served:** | Liberty Insurance Corporation |
| **Title of Action:** | Julie Carreon vs. Liberty Insurance Corporation |
| **Matter Name/ID:** | Julie Carreon vs. Liberty Insurance Corporation (14122172) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Caldwell County District Court, TX |
| **Case/Reference No:** | 23-O-367 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/16/2023 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | The Potts Law Firm, Llp<br>713-963-8881 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| CITATION |
|---|

THE STATE OF TEXAS                                            COUNTY OF CALDWELL

RECEIVED

AUG 1 5 2023

@ 5 30 pm

COPY

CAUSE NO.  23-O-367

TO:  LIBERTY INSURANCE CORPORATION, 211 EAST 7TH ST, SUITE 620, AUSTIN, TX 78701 (or wherever he/she may be found)

Notice to defendant: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. On the first Monday following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file our answer with the clerk. Find out more at TexasLawHelp.org.

| Court: | 421st Judicial District Court<br>1703 S. Colorado St., Lockhart, Tx 78644 |
|---|---|
| Cause No.: | 23-O-367 |
| Date of Filing: | 08/11/2023 |
| Document: | Plaintiff's Original Petition (attached) |
| Parties in Suit: | JULIE CARREON VS LIBERTY INSURANCE CORPORATION |
| Clerk: | Juanita Allen, District Clerk<br>1703 S. Colorado St., Lockhart, Tx 78644 |
| Party/Party's Attorney/Address | Andrew A. Woellner, 3737 Buffalo Speedway, Suite 1900, HOUSTON, TX 77098. |

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued under my hand and seal of said court on this the 11th day of August 2023.

Juanita Allen, District Clerk
421st, 22nd, 207th Judicial District Courts
Caldwell County, Texas

BY: Ashlee Nolan_____, Deputy

Delivered on:
8 / 16 / 2023
By: VS   PSC# 12617

**CAUSE NO. 23-O-367**

<u>OFFICER'S RETURN</u>

Came to hand on the ____ day of _____, 20__ at _____o'clock ___m., Executed at _____, within the County of _____, at _____ o'clock ___.m. on the ____ day of _____. 20__ by delivering to the named respondent, in person, a true copy of this citation together with the accompanying true and correct copy of the Plaintiff's petition.

[ ] Not executed, the diligence used to execute being _____.
[ ] The respondent may be found _____.

SHERIFF'S FEES: $_____

_____Sheriff or Constable or
Authorized Person by Court Order

_____COUNTY, TEXAS

BY: _____DEPUTY

*Rule 107 Verification:  Subscribed and sworn to by the above named _____
before me this the ____ day of _____, 20__, to certify which witness my hand and seal of office.

_____
Person Administering Oath

Filed: 8/11/2023 8:55 AM
Juanita Allen
District Clerk
Caldwell County, Texas

Ashlee Nolan

CAUSE NO. ___23-O-367___

| | | |
|---|---|---|
| **JULIE CARREON** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **CALDWELL COUNTY, TEXAS** |
| **LIBERTY INSURANCE** | § | |
| **CORPORATION** | § | _____421st_____ |
| *Defendants.* | § | **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Julie Carreon, Plaintiff (hereinafter referred to as "Plaintiff"), and files her Original Petition against Defendant, Liberty Insurance Corporation ("Liberty"), and respectfully would show this court as follows:

### PARTIES

1.    Plaintiff, Julie Carreon, is an individual residing in and/or owning property in Caldwell County, Texas.

2.    Defendant, Liberty, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served with process through its registered agent Corporation Service Company at: 211 East 7th St., STE 620, Austin, Texas 78701-3218.

### DISCOVERY LEVEL

3.    Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION

4.    The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief of $250,000.00 or less

1

and non-monetary relief. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

5.      The Court has jurisdiction over Defendant Liberty, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's cause of action arise out of Liberty's business activities in the State of Texas.

## VENUE

6.      Venue is proper in Caldwell County, Texas, because the insured property is situated in Caldwell County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.      Plaintiff is the owner of a property insurance policy number H3729883129440 ("the Policy") issued by Liberty.

8.      Plaintiff owns the insured property located at 735 Stairtown Loop, Prairie Lea, Texas 78661 (hereinafter referred to as "the Property").

9.      On or about May 5, 2022, Plaintiff's Property suffered damage due to a windstorm and hailstorm ("the Storm"). The Storm damaged the Property extensively, causing damage to the home's roofing system and elevations.

10.     Following the Storm, Plaintiff submitted a claim, claim number 052486318-01, to Liberty for the damage the Property sustained as a result of the Storm. Plaintiff requested that Liberty cover the cost of repairs to the Property, including but not limited to, replacement and/or restoration of the roofing system and elevations.

11.     Defendant Liberty assigned Christopher Bates ("Bates") as the adjuster on the claim. Bates failed to perform a thorough investigation, spending an inadequate amount of time inspecting Plaintiff's property. Specifically, overlooked or ignored obvious damage caused by the

2

Storm and instead estimated the damage to be only $11,709.56, which did not take into account all of the damage to the roofing system and elevations. Bates's substandard inspection ultimately led to Liberty wrongfully undervaluing Plaintiff's claim. Liberty's failure to honor the terms of its own policy has caused the needless delay of payment on Plaintiff's claim.

12.    Liberty and its personnel failed to thoroughly review and properly supervise the work of their assigned adjuster(s). As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and continues to suffer damages.

13.    Liberty set about to deny properly covered damages. Defendant failed to provide full coverage for the damages sustained by Plaintiff thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendant's unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully underpaid on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that they are entitled to under the Policy.

14.    As detailed in the paragraphs above, Liberty wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

15.    Defendant Liberty failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out

3

and accomplished by Plaintiff. Liberty's conduct constitutes a breach of the insurance contract between Liberty and Plaintiff.

16.     Defendant misrepresented to Plaintiff that damages to the Property were not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

17.     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

18.     Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

19.     Based on the foregoing, Defendant refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

4

20.     As detailed earlier, Defendant Liberty failed to meet its obligations under the Texas Insurance Code regarding beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

21.     Defendant Liberty failed to fully compensate Plaintiff under the terms of the Policy, even though Liberty failed to conduct a reasonable investigation. Specifically, Liberty performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

22.     Defendant Liberty failed to meet its obligations under the Texas Insurance Code regarding payment of the claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for the claim. Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

23.     From and after the time Plaintiff's claim was presented to Defendant Liberty, the liability of Liberty to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Liberty has refused to pay Plaintiff's claim in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

5

25.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

26.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.      Causes of Action Against Liberty**

27.     Liberty intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code, and intentionally breached the common law duty of good faith and fair dealing.

### A.      Breach of Contract

28.     Liberty breached the contract of insurance it had with Plaintiff. Liberty breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B.      Noncompliance with Texas Insurance Code:     Unfair Settlement Practices

29.     Defendant Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

30.     Defendant America Economy's unfair settlement practice of misrepresenting to Plaintiff material facts relating to the coverage at issue constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

6

31.    Defendant Liberty's unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Liberty's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

32.    Defendant Liberty's unfair settlement practice of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

33.    Defendant Liberty's unfair settlement practices of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

34.    Defendant Liberty's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

**C.    Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute**

35.    Plaintiff is entitled to interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

36.    Liberty failed to acknowledge receipt of Plaintiff's claim, commence an investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

7

37.     Liberty delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.    Breach of the Duty of Good Faith and Fair Dealing**

38.     Liberty breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim when it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.    Knowledge**

39.     Each of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code.

## REQUEST FOR REQUIRED INITIAL DISCLOSURES

40.     Plaintiff hereby requests that Defendant comply with the Required Disclosures as provided by Rule 194 of the Texas Rules of Civil Procedure. Required Disclosures must be made within thirty (30) days after the filing of the first answer. Tex. R. Civ. P. 194.2.

## RULE 193.7 NOTICE

41.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents and materials produced in response to written discovery or at a deposition may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## DAMAGES

42.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

43.    The damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

44.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

45.    For non-compliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE § 541.152.

46.    For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

47.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

48.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the

9

preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

49.    Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court cites Defendant to appear and answer herein and that Plaintiff has judgment taken against Defendant and recover from Defendant all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post-judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:    */s/ Andrew A. Woellner*
**Andrew A. Woellner**
SBN: 24060850
Tabatha R. Fuentes
SBN: 24094012
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone (713) 963-8881
Facsimile (713) 583-5388
Emails: awoellner@potts-law.com
              tfuentes@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

Filed: 9/8/2023 3:19 PM
Juanita Allen
District Clerk
Caldwell County, Texas

Ashlee  Nolan

**CAUSE NO. 23-O-367**

| | | |
|---|---|---|
| **JULIE CARREON** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **421ˢᵗ JUDICIAL DISTRICT** |
| | § | |
| **LIBERTY INSURANCE CORPORATION,** | § | |
| *Defendant.* | § | **CALDWELL COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Liberty Insurance Corporation and files this Original Answer to Plaintiff's Original Petition, and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition, and demands strict proof thereof.

### II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation respectfully prays that upon final hearing hereof, Plaintiff Julie Carreon take nothing by reason of this action, that Defendant be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

*{Signature on the following page.}*

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205


By:   */s/ Catherine L. Hanna*
     Catherine L. Hanna
     State Bar No. 08918280
     channa@hannaplaut.com
     Jessica L. Bigbie
     State Bar No. 24134429
     jbigbie@hannaplaut.com

**ATTORNEYS FOR DEFENDANT**
**LIBERTY INSURANCE CORPORATION**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service on this 8th day of September, 2023 to:

Andrew A. Woellner                 ***Via Email:*** ***awoellner@potts-law.com***
Tabatha R. Fuentes                  ***Via Email:*** ***tfuentes@potts-law.com***
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
*Attorneys for Plaintiff*


           */s/ Catherine L. Hanna*
          Catherine L. Hanna

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elina Lupin on behalf of Catherine Hanna
Bar No. 08918280
elupin@hannaplaut.com
Envelope ID: 79365534
Filing Code Description: Answer/Response
Filing Description: Def's Original Answer
Status as of 9/8/2023 3:22 PM CST

Associated Case Party: JULIE CARREON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Tabatha Fuentes | | tfuentes@potts-law.com | 9/8/2023 3:19:02 PM | SENT |
| Andrew Woellner | | awoellner@potts-law.com | 9/8/2023 3:19:02 PM | SENT |

Associated Case Party: LIBERTY INSURANCE CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elina Lupin | | elupin@hannaplaut.com | 9/8/2023 3:19:02 PM | SENT |
| Jessica Bigbie | | jbigbie@hannaplaut.com | 9/8/2023 3:19:02 PM | SENT |
| Catherine Hanna | | channa@hannaplaut.com | 9/8/2023 3:19:02 PM | SENT |

# EXHIBIT B

# Case Number: 23-O-367    Case Management                09/12/2023

| | Event Date | Event Code | Event Desc. | Event Comment | No.of Pages |
|---|---|---|---|---|---|
| ☐ | 9/8/2023 | DEF'S ORIGINAL... | DEF'S ORIGINAL ANSWER | FILED BY HANNA & PLAUT LLP | 3 |
| ☐ | 8/18/2023 | CIVIL RETURN SE | CIVIL CITATION RETURN SERVED | LIBERTY INSURANCE SERVED BY PRIVATE PROCESS | 2 |
| ☐ | 8/11/2023 | CITATION-COPYX3 | CLERK'S COPY OF CITATION | LIBERTY INSURANCE CORPORATION TO BE SERVED/ PRIVATE PROCESS TO PICK UP IN OFFICE | 2 |
| ☐ | 8/11/2023 | ORIG - PETITION | PLAINTIFF'S ORIGINAL PETITION | FILED BY POTTS LAW FIRM | 10 |
| ☐ | 8/11/2023 | REQ ISSUANCE | REQUEST FOR ISSUANCE | | 1 |

# EXHIBIT C

## LIST OF ALL COUNSEL OF RECORD

Catherine L. Hanna
State Bar No. 08918280
channa@hannaplaut.com
**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205
*Attorneys for Defendant Liberty Insurance Corporation*


Andrew A. Woellner
State Bar No. 24060850
awoellner@potts-law.com
Tabatha R. Fuentes
State Bar No. 24094012
tfuentes@potts-law.com
**THE POTTS LAW FIRM, LLP**
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone:    (713) 963-8881
Facsimile:    (713) 583-5388
*Attorneys for Plaintiff Julie Carreon*

# EXHIBIT D

## <u>INDEX OF ALL DOCUMENTS FILED WITH THE COURT</u>

1.    Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY).

2.    True and correct copies of all pleadings, process and orders served in this action.

3.    State Court Docket Sheet.

4.    List of all counsel of record.